TIMOTHY DURLEY,

                Plaintiff,

v.                                                    Case No. 20-cv-1889-pp

DR. MARY ANN MOORE,

                Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), DENYING SECOND MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE AS DUPLICATIVE (DKT. NO. 7-1), DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER (DKT. NOS. 4, 7-2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

Timothy Durley, an inmate at Waupun Correctional Institution who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendant denied him use of a nebulizer to treat his severe asthma. Dkt. Nos. 1, 7.[1] This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, denies his motion for a temporary restraining order, dkt. nos. 4, 7-2, and screens his complaint, dkt. no. 7.

---

[1] The versions of the complaint and the motion for a temporary restraining order that the court received on December 21, 2020 are not legible; the writing is too faint to read. Dkt. Nos. 1, 4. On December 22, 2020, the Clerk of Court sent the plaintiff a letter, instructing him to resubmit a legible version of the complaint. Dkt. No. 5. The plaintiff resubmitted his complaint, motion for leave to proceed without prepaying the filing fee and motion for a temporary restraining order. Dkt. Nos. 7, 7-1, 7-2. The resubmitted documents are identical to the originals but are legible. The court will screen the resubmitted complaint and motion for a temporary restraining order. The court will grant the original motion to proceed without prepaying the filing fee (it was legible), dkt. no. 2, and will deny the second version as duplicative, dkt. no. 7-1.

1

## I. Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was a prisoner when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On December 23, 2020, the court ordered the plaintiff to pay an initial partial filing fee of $0.76. Dkt. No. 6. The court received that fee on January 4, 2021. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case

under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff alleges that on October 9, 2020, while he was in the restricted housing unit, he asked Nurse Robert (who is not a defendant) to use

3

his nebulizer, due to his "being a severe asthmatic." Dkt. No. 7 at 2. Nurse Robert told the plaintiff he couldn't; when the plaintiff asked why, Robert said that Dr. Mary Ann Moore had discontinued it "due to [the plaintiff] hold[ing] it hostage on October 8 2020." Id. The plaintiff asked Robert how Dr. Moore could discontinue his nebulizer when he was a severe asthmatic, and Nurse Robert told the plaintiff "to write to her [and] walked off." Id. at 2–3.

The plaintiff says that on October 12, 2020, he wrote to Dr. Moore and the manager of the Health Services Unit, asking for his nebulizer treatment. Id. at 3. The Health Services Unit manager wrote back on October 13, 2020, saying that "a nebulizer was ordered." Id. But the next day, Dr. Moore wrote to the plaintiff, saying "no, use your inhalers as prescribed, no nebulizer will be ordered because you abused it when you held it hostage." Id. The plaintiff asserts he was denied medical treatment for his "asthmatic attack." Id. The plaintiff says that he has "chemical gassed in [his] lungs & being deprived of sleep & difficulties breathing." Id. at 4. He seeks damages and revocation of Dr. Moore's medical license. Id. at 3–4.

C.  Analysis

The plaintiff's allegations arise under the Eighth Amendment, which "protects prisoners from prison conditions that cause the wanton and unnecessary infliction of pain, including . . . grossly inadequate medical care." Gabb v. Wexford Health Sources, Inc., 945 F.3d 1027, 1033 (7th Cir. 2019) (quoting Pyles v. Fahim, 771 F.3d 403, 408 (7th Cir. 2014)) (internal quotations omitted). Not "every claim by a prisoner that he has not received adequate

4

medical treatment states a violation of the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 105 (1976). To state a valid Eighth Amendment claim, the inmate must allege both that he "suffered from an objectively serious medical condition" and that the defendants were "deliberately indifferent to that condition." Petties v. Carter, 836 F.3d 722, 728 (7th Cir. 2016) (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994)); see Estelle, 429 U.S. at 103. "[D]eliberate indifference describes a state of mind more blameworthy than negligence." Farmer, 511 U.S. at 835. A prison official shows deliberate indifference when he "realizes that a substantial risk of serious harm to a prisoner exists, but then disregards that risk." Perez, 792 F.3d at 776 (citing Farmer, 511 U.S. at 837).

The plaintiff alleges that he suffers from severe asthma. Severe asthma may be a serious medical condition "depending on the severity of the attacks." Board v. Farnham, 394 F.3d 469, 484 (7th Cir. 2005) (citing Garvin v. Armstrong, 236 F.3d 896, 898 (7th Cir. 2001)). At this early stage of the case, the court will accept the plaintiff's allegation that he has severe asthma and will assume that it is an objectively serous medical condition.

The plaintiff alleges that Dr. Moore knew about his severe asthma but denied him use of a nebulizer because he had "abused it when [he] held it hostage." Dkt. No. 7 at 3. The plaintiff does not explain what this means. Perhaps Dr. Moore had a legitimate reason for denying the plaintiff use of the nebulizer. Perhaps plaintiff does not require use of a nebulizer to treat his asthma. At this early stage of the case, however, the court must accept as true

5

the plaintiff's allegations that he suffers from severe asthma, that he requires a nebulizer to treat his asthma, that Dr. Moore withheld the necessary nebulizer knowing that the plaintiff needed it and that the plaintiff suffered as a result. The court will allow him to proceed on an Eighth Amendment claim against Dr. Moore.

In addition to damages, the plaintiff asks the court to revoke Dr. Moore's medical license. That license is provided through the State of Wisconsin's Department of Safety and Professional Services (DSPS). See https://dsps.wi.gov/Pages/RulesStatutes/Medicine.aspx. The court does not have the authority to direct the DSPS to revoke Dr. Moore's medical license. The court will allow the plaintiff to proceed against Dr. Moore only on his damages claim.

### III.    **Motion for a Temporary Restraining Order**

The plaintiff also moves for a temporary restraining order (TRO). Dkt. No. 7-1 (also Dkt. No. 4). He says he "would like to file a writ[t]en temporarily restrain[in]g motion against all the Defendant's." Id. He names Dr. Moore, "Nurse Brian Taplin," "Timothy Kutea" and "Kyle Ditmers." Id. Only Dr. Moore is a defendant in this lawsuit. The other three are defendants in the plaintiff's other lawsuit before this court—Case No. 20-cv-1890-pp. The court will address his motion for a TRO only as it pertains to Dr. Moore. The court will address his motion against the other defendants in the screening order in Case No. 20-cv-1890.

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997). To obtain preliminary injunctive relief, whether through a TRO or preliminary injunction, the plaintiff must show that (1) his underlying case has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction. Wood v. Buss, 496 F.3d 620, 622 (7th Cir. 2007). A preliminary injunction is not appropriate to guard against the "mere possibility of irreparable injury." Orr v. Shicker, 953 F.3d 490, 501 (7th Cir. 2020) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008)). If the plaintiff can establish those three factors, the court must balance the harm to each party and to the public interest from granting or denying the injunction. See Wood, 496 F.3d at 622; Korte v. Sebelius, 735 F.3d 654, 665 (7th Cir. 2013); Cooper v. Salazar, 196 F.3d 809, 813 (7th Cir. 1999).

The plaintiff has not satisfied any of the criteria for a TRO. He says that he "would like to file" a TRO against Dr. Moore without explaining why he needs such extraordinary relief or what he wants the court to restrain Dr. Moore from doing. It appears that the events of which the plaintiff complains are over—he does not say why he needs the court to issue an order restraining any future action, or what that action might be. At this early stage of the case, the court cannot determine whether the plaintiff's lawsuit has any likelihood of success on the merits. The plaintiff has not shown that he will suffer

7

irreparable harm without a TRO or that an award of money—the traditional "remedy at law"—will not address his injuries. The court will deny plaintiff's motion for a TRO.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DENIES AS DUPLICATIVE** the plaintiff's second motion for leave to proceed without prepaying the filing fee. Dkt. No. 7-1.

The court **DENIES** the plaintiff's motions for a temporary restraining order. Dkt. Nos. 4, 7-2.

Under an informal service agreement between the Wisconsin Department of Justice and the court, the court will electronically transmit a copy of the complaint (Dkt. No. 7) and this order to the Wisconsin Department of Justice for service on defendant Mary Ann Moore. Under the informal service agreement, the court **ORDERS** the defendant to respond to the complaint within sixty days.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$349.24** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number.

8

If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Waupun Correctional Institution.

The court **ORDERS** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[2] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss

---

[2] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court also advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing the case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 16th day of February, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**