UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TIMOTHY DURLEY,

                Plaintiff,

v.                                        Case No. 20-cv-1889-pp

DR. MARY ANN MOORE,

                Defendant.

**ORDER DENYING PLAINTIFF'S MOTIONS FOR A PRELIMINARY INJUNCTION (DKT. NOS. 17, 18)**

The plaintiff is proceeding on an Eighth Amendment claim that the defendant withheld nebulizer treatment for the plaintiff's asthma, causing him injury. Dkt. No. 12. In its order permitting the plaintiff to proceed on that claim, the court denied the plaintiff's motion for a temporary restraining order. Id. at 6-8. The court explained the criteria for a preliminary injunction or TRO and noted that the plaintiff had satisfied none of them. Id.

A month after the court issued that order, the court received from the plaintiff a motion for a preliminary injunction. Dkt. No. 17. He asks the court to order Waupun Correctional Institution to give him his nebulizer treatments "until[] [his] case is settle[d]." Id. at 1. He alleges, as he did in the complaint, that he is severely asthmatic but has not received nebulizer treatments from his new doctor, Cheryl Jeanpierre. Id. He says the prison ignored his complaints about not receiving treatment, and he feels his health is at risk. Id. The plaintiff asserts he "has a great likelihood of success on the merits

1

[because] what Defendant have done—intentionally interfer[]ing with medical treatment once prescribed was specifically singled out by the Supreme Court as an example of unconstitutional d[e]liberate indifference to prisoners needs." Id. (citing Estelle v. Gamble, 429 U.S. 97 (1976)). Citing Policy #500.80.26[1] of the Division of Adult Institutions, he asserts that before a doctor may discontinue medication, the inmate must receive a conduct report, and the plaintiff never has received one. Id. at 2. The plaintiff asks the court to excuse him from posting security under Fed. R. Civ. P. 65(c) because he is indigent. Id. He concludes that "in view of the serious medical danger confronting the plaintiff, the court should grant the relief requested without requiring the posting of security." Id.

Not quite three weeks after the court received the above-described motion, it received a second copy of the same motion. Dkt. No. 18. The plaintiff included a cover letter, indicating to the Clerk of Court that he was filing a preliminary injunction motion and that "[his] life is at risk right now." Id. at 3. He also asked the clerk to send him two "1983 form packets," as well as an "info pack on info how long it take's to get a preliminary injunction." Id.

---

[1] This policy relates to the Division of Adult Institutions' responsibility to monitor patients for medication non-adherence and misuse. It does not say that a doctor must issue a conduct report before discontinuing medication. What it *does* say is that when an incarcerated person misuses a "keep on person" medication, the advanced care provider "shall discontinue the medication, change to an alternative medication or order the medication as staff-controlled." DAI Policy #500.80.26IV(E). https://doc.wi.gov/ DepartmentPoliciesDAI/5008026.pdf.

2

As the court explained in the screening order, a court may grant the extraordinary remedy of a preliminary injunction only when the plaintiff demonstrates that (1) his underlying case has some reasonable likelihood of success on the merits, (2) no adequate remedy at law exists and (3) he will suffer irreparable harm without the injunction. Wood v. Buss, 496 F.3d 620, 622 (7th Cir. 2007). A preliminary injunction is not appropriate to guard against the "mere possibility of irreparable injury." Orr v. Shicker, 953 F.3d 490, 501 (7th Cir. 2020) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008)). If the plaintiff establishes those three threshold factors, the court then must balance the harm to each party and to the public interest from granting or denying the injunction. See Wood, 496 F.3d at 622; Korte v. Sebelius, 735 F.3d 654, 665 (7th Cir. 2013); Cooper v. Salazar, 196 F.3d 809, 813 (7th Cir. 1999). A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997).

The plaintiff has not satisfied the criteria for a preliminary injunction. The plaintiff asserts that he has a strong likelihood of succeeding on the merits and cites a Supreme Court case. But to obtain a preliminary injunction, the plaintiff must make a "'strong' showing" that he is likely to succeed, which "normally includes a demonstration of how the applicant proposes to prove the key elements of its case." Ill. Republican Party v. Pritzker, 973 F.3d 760, 763 (7th Cir. 2020), cert. denied *sub nom.*, No. 20-1081, 2021 WL 1163871 (Mar.

29, 2021). The plaintiff has not demonstrated how he proposes to prove the elements of his case. He generally cites <u>Estelle v. Gamble</u> for the proposition that interfering with medical treatment constitutes deliberate indifference. That is true, but the plaintiff has not explained how he will prove that the defendant was deliberately indifferent. <u>See</u> <u>Estelle</u>, 429 U.S. at 103-04. While the court has found that the defendant has alleged enough facts to proceed on a claim that on one occasion in October 2020, the defendant was deliberately indifferent, dkt. no. 12 at 5-6; <u>see</u> Fed. R. Civ. P. 8(a)(2), alleging sufficient facts to proceed past screening is not the same is showing that one has enough evidence that one is likely to succeed on the merits. And the plaintiff's complaint related to a single event in October 2020, during which the defendant allegedly discontinued the plaintiff's nebulizer because he had "held it hostage" on October 8, 2020. Dkt. No. 12 at 4. The plaintiff alleged that he was denied medical treatment for a single "asthmatic attack." <u>Id.</u>

Nor has he demonstrated that he will suffer irreparable harm if the court does not grant injunctive relief. The plaintiff alleged in the complaint that when he wrote the defendant and the Health Services unit asking for his nebulizer treatment, the defendant responded, "no, use your inhalers as prescribed, no nebulizer will be ordered because you abused it when you held it hostage." <u>Id.</u> Accepting the plaintiff's own facts as true, he admits that even though the defendant allegedly discontinued his *nebulizer* treatment, he is receiving treatment for his asthma in the form of inhalers. A nebulizer is an electric or battery-powered machine that vaporizes liquid asthma medicine into mist that

4

the patient can then inhale, while an inhaler is a hand-held device that works like an aerosol can to release a "puff" of mist when the patient activates it. https://www.hopkinsallchildrens.org/Patients-Families/Health-Library/HealthDocNew/What-s-the-Difference-Between-a-Nebulizer-and-an-I. Both nebulizers and inhalers deliver asthma medication. The plaintiff has presented no evidence that the only method for treating his asthma is a nebulizer, or that inhalers do not work.

Because the plaintiff has not demonstrated a reasonable likelihood of success on the merits or irreparable harm, the court need not address the other criteria for obtaining a preliminary injunction. See Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S. of Am., Inc., 549 F.3d 1079, 1086 (7th Cir. 2008).

The court also notes that in his motions for a preliminary injunction, the plaintiff asserts that his current doctor, Dr. Jeanpierre, is not providing him nebulizer treatment. But Jeanpierre is not a defendant in this lawsuit. The plaintiff has sued only Dr. Mary Ann Moore for discontinuing his nebulizer treatment in October 2020. His motion for a preliminary injunction says nothing about defendant Moore and does not connect her action to Dr. Jeanpierre's alleged current failure to provide him with his nebulizer treatment. The plaintiff may not seek injunctive relief against someone who is not a party to this lawsuit and is not otherwise involved in the litigation. See Santiago v. Walls, 196 F. App'x 416, 417 (7th Cir. 2006) (citing United States v. Kirschenbaum, 156 F.3d 784, 794 (7th Cir. 1998)).

Because the plaintiff has not satisfied the criteria for obtaining a preliminary injunction, the court **DENIES** his motions for a preliminary injunction. Dkt. Nos. 17, 18.

Dated in Milwaukee, Wisconsin this 15th day of July, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**