UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TIMOTHY DURLEY,

                Plaintiff,

v.                                              Case No. 20-cv-1889-pp

MARY ANN MOORE,

                Defendant,

---

**ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS (DKT. NO. 23) AND DENYING PLAINTIFF'S MOTION TO COMPEL (DKT. NO. 24)**

---

Plaintiff Timothy Durley is proceeding on an Eighth Amendment claim against defendant Mary Ann Moore. On July 23, 2021, he filed a motion for sanctions, dkt. no. 23, and a motion to compel discovery, dkt. no. 24. The defendant did not timely respond to the plaintiff's motions. The court ordered the defendant to respond and to show cause why the court should not grant the plaintiff's motions. Dkt. No. 25. The defendant timely responded to that order. Dkt. No. 26. The court will deny both motions.

I.    **The Plaintiff's Motions and the Defendant's Response**

The plaintiff asked the court to order the defendant to answer eight requests for admission under Civil Local Rule 36 (E.D. Wis.). Dkt. No. 24. The plaintiff said he was "getting no compliance from the Defendant" in response to his eight additional requests. Id. The motion says that the plaintiff enclosed an "attempt to reach Defendant to reach an agreement upon deciding the number of [a]dditional [a]dmissions to be agreed upon." Id. But there is no document

attached to the motion and no document was enclosed with the motion or included on the docket.

The plaintiff also asked for sanctions under "(Rule 37)(B)/(C)(4)." Dkt. No. 23. He says he "attemp[t]ed to contact the defendant in which [he] receive[d] no reply." Id. He does not say what he attempted to contact the defendant about, but he asks the court to sanction the defendant for "failure to cooperate with Discovery." Id. As with the motion to compel, the motion for sanctions says it includes "Plaintiff attemp[t]" to reach the defendant, but there is no document attached, enclosed or docketed. Id. The plaintiff seeks $1,200 from the defendant in "[a]ttorney fee's," but he is representing himself and has no attorney. Id.

The defendant has provided context for the plaintiff's motions. Dkt. No. 26. She explains that on June 18, 2021, she responded to the plaintiff's first and second request for admissions. Id. at 2. The defendant included a copy of her responses. Dkt. No. 27-1. The defendant objected to eight of the plaintiff's requests because, the defendant asserts, "they were improper Requests to Admit under Rule 36 of the Federal Rules of Civil Procedure, and they were beyond the limit of 50 set forth by Civil L. R. 36(a)." Dkt. No. 26 at 2. On June 23, 2021, the plaintiff replied to the defendant's objections and asserted that there was no limit to the number of requests for admission he could request. Id. The plaintiff again requested that the defendant answer the outstanding eight requests for admission. Id.; Dkt. No. 27-2.

On July 6, 2021, the court received from the plaintiff two letters requesting an updated copy of the court's local rules. Dkt. No. 26 at 2 (citing Dkt. Nos. 19, 20). The docket shows that the court "Mailed copy of LR to plaintiff via USPS." Dkt. No. 19. The defendant says she "concluded that this would inform the Plaintiff that the local rules set a limit for Request for Admission." Dkt. No. 26 at 2. The court received the plaintiff's motions about three weeks later, July 26, 2021—and the defendant says that he sent her a conferral letter she had not previously received. Id. (citing Dkt. Nos. 22–24). The conferral letter is dated June 30, 2021—the same day as one of the letters the plaintiff sent to the court. *Compare* Dkt. No. 19, *with* Dkt. No. 22. The letter is addressed to "Atty – General –" and includes "/;cc;/" at the top. Dkt. No. 22. The plaintiff says this designation means his letter to the court was a carbon copy, and he sent the defendant "the same letter [he] sent to the courts when [he] file[d his] motions to compel an[d] sanctions." Dkt. No. 29 at ¶4.

The defendant's counsel states that he "was out of the country attending to an important personal matter during the relevant time period" and could not respond to the plaintiff's motion. Id. at 3. He notes that the Wisconsin Department of Justice "has faced severe staffing shortages throughout the COVID-19 pandemic," causing increased caseloads for the Assistant Attorneys General. Id. He says that the defendant "has decided to reach a compromise with the Plaintiff and answer the additional eight questions, without waiving objection to their form as a proper Request for Admission under Fed. R. Civ. P. 36." Id. The defendant sent the responses to the plaintiff on August 31, 2021, a

3
Case 2:20-cv-01889-PP   Filed 02/08/22   Page 3 of 9   Document 49

copy of which she included with her response to the court's order and the plaintiff's motions. Id.; Dkt. No. 27-3.

The plaintiff insists that he sent the defendant the same letter he filed with the court (Dkt. No. 22) "around the time [he] wrote the courts asking for an up to dated copy of Civil local rules." Dkt. No. 29 at ¶3. He did not provide a copy of the letter he says he sent to the defendant. The plaintiff does not contest the defendant's assertion that she responded to his additional requests for admission and mailed the responses to the plaintiff on August 31, 2021.

## II. The Court's Analysis

The defendant asserts the court should deny the plaintiff's motions for two reasons. Dkt. No. 26. First, the defendant notes that the plaintiff did not attempt to meet and confer *before* filing his motion to compel, as the Federal Rules require. Id. at 3–4 (citing Fed. R. Civ. P. 37(a)(1)). The defendant contends that the plaintiff instead filed his motion the *same* day he sent the conferral letter to counsel. Id. The defendant asserts that the plaintiff's motion was premature and that the court could summarily deny it on that basis. Id. at 4 (citing Lawson v. J.C. Penney Co., Inc., No. 12-C-1190, 2013 WL 12380223, at *1 (E.D. Wis. May 8, 2013)). The defendant alternatively asserts that she has agreed to the plaintiff's suggested compromise and responded to his additional requests for admissions, so the court's "intervention is, at this time, not necessary." Id.

Civil Local Rule 36 sets a fifty (50)-per-party limit on written requests for admission. Civil L.R. 36(a)(1). Rule 36(a)(3) provides that the parties may agree

to allow more than fifty request for admission. The moving party also may ask the court to allow additional requests but "only after seeking the agreement of the party on whom the additional requests for admission would be served." Civil L.R. 36(a)(3). The rule notes that the court "will not compel a party to answer any requests for admission served in violation of this rule." Civil L.R. 36(a)(4).

Federal Rule of Civil Procedure 37 allows a party to move for an order compelling discovery. Under Rule 37, "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Like its federal counterpart, the court's Civil Local Rule 37 requires that "[a]ll motions to compel disclosure or discovery pursuant to Fed. R. Civ. P. 26 through 37" include a certification that efforts to informally resolve the dispute failed. Civil L.R. 37. That certification "must recite the date and time of the conference or conferences and the names of all parties participating in the conference or conferences." Id. These rules exist because parties often are able to reach an agreement before involving the court, which saves both the parties and the court time and resources.

It is undisputed that the plaintiff sought fifty-eight (58) requests for admission—eight more than the maximum allowed per party under Civil Local Rule 36(a). The plaintiff's motion to compel does not state that he sought an agreement with the defendant to allow additional requests for admission before filing the motion. Nor does the plaintiff's motion contain a certification that he

attempted to confer with the other side about the additional requests before asking the court to intervene. The same day the plaintiff filed his motions to compel and for sanctions, he filed a letter seeking an agreement from the defendant for more requests for admission. Dkt. No. 22. The plaintiff insists that his "/;cc;/" notation designates that the letter filed with the court was a carbon copy of one he sent to the defendant. But despite the letter being dated June 30, 2021, the defendant states she did not receive this letter before the plaintiff filed it with the court.

The conferral letter filed with the court does not include the defendant's address or any other suggestion that the plaintiff mailed a copy to the defendant before filing it with the court. There is no evidence the plaintiff sent this conferral letter to the defendant *before* filing it and his motion to compel, such as a copy of the letter or the envelope sent to the defendant. Even if there were, the plaintiff's motion does not include the required certification that the plaintiff attempted to resolve the issue with the defendant before seeking the court's intervention. The court finds that the plaintiff's motion was premature because he did not attempt to resolve this issue with the defendant *before* filing the motion. The motion violates Federal Rule of Civil Procedure 37 and Civil Local Rules 36(a) and 37. The court could deny the motion to compel on that basis alone. See Civil L.R. 36(a)(4); Lawson, 2013 WL 12380223, at *1.

But there is a second ground for denying the plaintiff's motion, one that would apply even if the plaintiff had timely sent his conferral letter to the defendant and even if he had complied with the federal and local rules. The

6
Case 2:20-cv-01889-PP   Filed 02/08/22   Page 6 of 9   Document 49

defendant states that she agreed to the plaintiff's request for a compromise and sent responses to the plaintiff's eight extra requests for admission. Dkt. No. 27-3. The plaintiff does not say that he has not received those responses and does not contest the defendant's answers. Because the plaintiff has received the responses he sought in his motion to compel, there is no relief the court can provide him. That means his motion to compel is moot. The court will deny the motion.

That leaves the plaintiff's motion for sanctions. The court has "inherent authority to sanction litigants for abuse of process." Waivio v. Bd. of Trustees of Univ. of Ill. at Chi., 290 F. App'x 935, 937 (7th Cir. 2008). The severity of any sanction "should be proportionate to the gravity of the offense." Id. (citing Allen v. Chi. Transit Auth., 317 F.3d 696, 703 (7th Cir. 2003)). In determining an appropriate sanction, the court must consider "the extent of the misconduct, the ineffectiveness of lesser sanctions, the harm from the misconduct, and the weakness of the case." Donelson v. Hardy, 931 F.3d 565, 569 (7th Cir. 2019) (citing cases).

The plaintiff seeks $1,200 in sanctions and "[a]ttorney fee's" for the defendant's failure to respond to him. Dkt. No. 23. But his motion says only that he "attemp[t]ed to contact the defendant in which [he] receive[d] no reply." Id. He does not say how he attempted to contact the defendant or what his inquiry addressed or requested. The plaintiff's motion states that his attempt to contact the defendant is enclosed, but it was not. The defendant does not have an obligation to respond to every letter or inquiry from the plaintiff. The

7

plaintiff's motion does not provide enough information for the court to determine whether the plaintiff properly attempted to contact the defendant or whether a response was warranted. Nor does the plaintiff explain why he is entitled to $1,200 for attorney fees or as a reasonable expense in preparing and filing his motion to compel or for sanctions. See Fed. R. Civ. P. 37(a)(5). The plaintiff is representing himself and, to the court's knowledge, does not have an attorney. He does not explain how or why $1,200 is a reasonable expense for his time and effort to file two one-page motions.

The defendant's behavior does not warrant sanctions. Defense counsel explains that he was unable to timely respond to the defendant's motion because he was out of the country tending to a personal matter. He explains that his office is overwhelmed, so no other attorney was able to respond to the motion on his behalf. Although that is not an ideal situation, it is an unfortunate and understandable one given the complications wrought by the ongoing COVID-19 pandemic. The defendant since has responded to the court's order to show cause and resolved the discovery issue with the plaintiff. Because defense counsel's behavior does not constitute an abuse of process, the court will deny the plaintiff's motion for sanctions and deny his request for $1,200 as "attorney fee's" or a reasonable expense in preparing and filing his motions.

The court reiterates that the COVID-19 pandemic has complicated the litigation process. The court will allow reasonable extensions to deadlines as

needed and encourages the plaintiff to be patient and to work with counsel for the defendant to solve future discovery or litigation issues.

### III. Conclusion

The court **DENIES** the plaintiff's motion for sanctions. Dkt. No. 23.

The court **DENIES** the plaintiff's motion to compel. Dkt. No. 24.

Dated in Milwaukee, Wisconsin this 8th day of February, 2022.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**